DANIEL P. JORDAN, III, District Judge,
concurring:
I concur in the ultimate holding but take no stand with respect to the discussion of the modified categorical approach. Assuming arguendo that Howell correctly urges the court to take the categorical approach, Texas Penal Code § 22.01(a)(1), (b)(2)(B) “has as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 4B1.2(a). Howell’s primary argument is that a reckless breach of the Texas statute cannot constitute “use ... of physical force.” Id. But “[njothing in the word ‘use’ ... indicates that [§ 4B 1.2(a) ] applies exclusively to knowing or intentional” conduct. Voisine v. United States, — U.S. -, 136 S.Ct. 2272, 2278, 196 L.Ed.2d 736 (2016). When one “recklessly imped[es] the normal breathing or circulation of the blood of the person by applying pressure to the person’s throat or neck or by blocking the person’s nose or mouth,” Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B) (West 2013), that person “[uses] physical force against the person of another,” U.S.S.G. § 4B1.2(a)(l). See Voisine, 136 S.Ct. at 2278. I therefore agree that the District Court should be affirmed.